# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

DENNIS RAY SIMPSON,    )
#264738,    )
                                        )    CIVIL ACTION NO. 9:11-273-MBS-BM
          Petitioner,    )
                                         )
v.    )    **REPORT AND RECOMMENDATION**
                                         )
WARDEN M. MCCALL,    )
                                         )
          Respondent.    )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was filed <u>pro se</u> on January 31, 2011.[1]

        The Respondent filed a return and motion for summary judgment on July 8, 2011.  As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was filed on July 12, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment.  Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.  Respondent thereafter supplemented his motion with a copy of a state court transcript on August 9, 2011, and after receiving an extension of time, Petitioner filed a response in opposition on August 29, 2011.  Among other

---

[1]Filing date per <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

1



arguments in his memorandum, Petitioner seeks to dismiss his petition, without prejudice, in order to file a fourth state post-conviction relief ("APCR") petition.

This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner, a minor (age 17) at the time of the crimes in this action and at his arrest, was originally brought before the family court on a charge of murder. (R.pp. 95-96). The family court judge issued an order (dated November 23, 1999[3]) filed December 1, 1999, that waived jurisdiction to the court of general sessions. (R.pp. 97-99). Petitioner was then indicted by the Orangeburg Grand Jury on December 20, 1999 for murder, attempted armed robbery, and criminal conspiracy. [Indictment Nos. 99-GS-38-2299, -2230, and -2231]. (R.pp. 86-87, 89-90, 92-93). Petitioner was represented by Richard Gustafson, Esquire, and pled guilty to the charges, pursuant to negotiations and a written plea agreement, on March 3, 2000. (R.pp. 3-25). The judge sentenced Petitioner to thirty (30) years imprisonment for murder; ten (10) years, consecutive, for attempted armed robbery; and five (5) years, concurrent, for criminal conspiracy, accepting in full the negotiated terms of the plea. (R.pp. 24-25). Petitioner did not appeal his conviction or sentence.

On February 22, 2001, Petitioner filed an Application for Post-Conviction Relief (APCR) in state circuit court. Simpson v. State of South Carolina, No. 2001-CP-38-229. (R.pp. 27-31). Petitioner raised the following issues in his APCR:

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The date on the order is 1998, which appears to be a scrivener's error.

2



1. Ineffective Assistance of Counsel.

2. Involuntary Plea.

(R.p. 28).

Petitioner also filed a motion to amend his petition dated April 27, 2004, asserting an additional claim of newly discovered evidence. (R.pp. 32-33).

Petitioner was represented in his APCR by Clyde Dean, Esquire, and an evidentiary hearing was scheduled on July 30, 2003. (R.pp. 39-77). At the hearing, Petitioner amended his application to include an allegation of ineffective assistance of counsel because at the time he entered into his plea agreement he was a minor. (R.p. 44). The PCR Judge issued a final order of dismissal on April 20, 2004, filed April 23, 2004, dismissing the APCR in its entirety. (R.pp. 79-85).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Aileen P. Clare of the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition seeking to be relieved and raising the following issue:

Is Petitioner's plea agreement voidable because he was a minor at the time it was made?

See Petition, p. 2 (Court Docket No. 21-3, p.3)[5].

On December 1, 2005, the South Carolina Supreme Court denied Petitioner's writ of certiorari, and granted counsel's request to be relieved as counsel. See Court Docket No. 21-6. The Remittitur was sent down on December 19, 2005. See Court Docket No. 21-7.

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1998); see also Anders v. California, 386 U.S. 738, 744 (1967).

[5]Since a large amount of pages in the record are not numbered, the undersigned has used the Court docket numbers to aid in locating these materials.



On November 5, 2007, Petitioner filed a second APCR (<u>Simpson v. State of South Carolina</u>, No. 2007-CP-38-1460) raising the following issues:

1. Newly Discovered Evidence.

2. Ineffective Assistance of Counsel.

3. Involuntary Plea.

<u>See</u> Court Docket No. 21-8, pp. 4-6.

Petitioner also added a Fourth Amendment claim that officers lacked probable cause for his arrest. <u>See</u> Court Docket No. 21-8, pp. 4-6. On May 6, 2008, the State made its return to the petition and moved to dismiss the APCR as, <u>inter alia</u>, successive and time-barred. <u>See</u> Court Docket No. 21-9. A hearing was held on the state's motion on August 5, 2008, at which Petitioner was represented by Scott Palmer, Esquire. <u>See</u> Court Docket No. 24-1. On September 5, 2008, the PCR judge filed an order (dated August 15, 2008), dismissing the APCR as successive and time-barred. <u>See</u> Court Docket No. 21-10. Petitioner did not appeal the dismissal of this APCR.

Petitioner then filed a third APCR (<u>Simpson v. State of South Carolina</u>, No. 2008-CP-38-1570) on September 17, 2008, raising the following issues:

(a) Newly Discovered Evidence

(b) Ineffective Assistance of Counsel

(c) Involuntary Plea

<u>See</u> Court Docket No. 21-11, p. 3.

On April 9, 2009, the State made its return to the petition and again moved to dismiss the APCR as, <u>inter alia</u>, successive and time-barred. <u>See</u> Court Docket No. 21-12. On April 20, 2009, the PCR judge filed a conditional order of dismissal, following which Petitioner filed a *pro se* response on



April 29, 2009. <u>See</u> Court Docket No. 21-13, pp. 4-13. The state court issued a final order of dismissal filed August 9, 2010 (dated July 25, 2010), dismissing the APCR as successive and time-barred. <u>See</u> Court Docket No. 21-13. On August 26, 2010, the Petitioner filed a *pro se* motion to Alter or Amend the Judgment. <u>See</u> Court Docket No. 21-14. On September 20, 2010, the PCR judge denied the motion (filed September 24, 2010). <u>See</u> Court Docket No. 21-16.

Petitioner filed a notice of appeal from the order denying his third PCR on or about October 25, 2010, along with a required explanation as to why there is an arguable basis to appeal the summary dismissal. <u>See</u> Rule 243(c), South Carolina Appellate Court Rules (<u>See</u> Court Docket No. 21-17). On December 1, 2010, the Supreme Court of South Carolina issued an Order rejecting the explanation and dismissing the appeal. <u>See</u> Court Docket No. 21-18. The remittitur was issued on December 21, 2010. <u>See</u> Court Docket No. 21-19.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

**Ground One:** Newly Discovered Evidence.

**Ground Two:** Ineffective assistance of counsel.

**Ground Three:** Involuntary Guilty Plea.

<u>See</u> <u>Petition</u>, pp. 5-8.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is



5

charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and record before the Court, the undersigned finds that Respondent is entitled to dismissal of this Petition.

## I.

Respondent argues in his motion, <u>inter alia</u>, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[6] and runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[6]Antiterrorism and Effective Death Penalty Act of 1996.



28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).[7]

Since Petitioner did not appeal his conviction or sentence, his state court conviction became final on March 13, 2000, ten (10) days after his plea on March 3, 2000. See SCACR, Rule 203(b)(2); see also Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). Petitioner therefore had one year from March 13, 2000, to file a federal habeas petition. When Petitioner filed his first APCR on February 22, 2001, three hundred and forty-five (345) days of non-tolled time had already passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the South Carolina Supreme Court issued its remittitur on December 19, 2005. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, 2000 WL 538131 at **1; Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). Considering the time that had already lapsed, Petitioner then had until January 8, 2006, to file his federal habeas petition. See Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

---

[7]Although one of Petitioner's claims is "newly discovered evidence", this claim is the same claim Petitioner has asserted since his first APCR, and is in actuality a claim of ineffective assistance of trial counsel for failure to properly review the discovery material prior to the plea. See (R.pp. 32-33). Therefore, § 2244(d)(1)(D) is not applicable to this Petition for limitations purposes.



By the time Petitioner filed his second and third APCRs in 2007 and 2008, his time to file his federal habeas petition had already expired.  In any event, Petitioner's second and third APCRs were not "properly filed" petitions for purposes of tolling the statute of limitations, as they were dismissed on the ground that they were successive and untimely.  See Court Docket Nos. 21-10, 21-13, 21-16, and 21-19; see Allen v. Siebert, 552 U.S. 3, at * 4 (2007)["We therefore reiterate now what we held in Pace: When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of §2244(d)(2)."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 413-416 (2005))[A state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)]].  Therefore, even if Petitioner had had any time remaining in which to file a federal habeas petition, Petitioner's second and third APCRs would not have tolled the running of the statutory filing period.

Based on this chronology, by the time Petitioner filed this federal habeas petition on January 31, 2011, over five  years of non-tolled time had passed since the time expired for Petitioner to file a federal petition on January 8, 2006, for a total of over six non-tolled years.[8]  Therefore, this federal petition was not timely filed, and must be dismissed.  See Artuz, 531 U.S. 4; Harris, 209 F.3d at 327-328.

## II.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases.  Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris,

---

[8]The non-tolled time includes the three hundred and forty-five (345) days that expired prior to Petitioner filing his first APCR.



209 F.3d at 330). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

 Here, while Petitioner argues about alleged infirmities in his state court proceedings and also requests that this petition be dismissed without prejudice so that he can pursue a fourth state APCR, these contentions do not provide any basis for equitable tolling in this case. When Petitioner's time to file his federal habeas petition expired in January 2006, Petitioner was already aware of his present claim concerning newly discovered evidence, which had in fact been asserted in his first APCR and involves a claim that his trial attorney did not adequately review and advise Petitioner of the evidence at the time of his plea. Therefore, that argument does not entitle Petitioner to equitable tolling of his federal habeas petition, nor does the time for filing a federal habeas action start over after the conclusion of a Petitioner's collateral review. Artuz v. Bennett, supra.

 In sum, no basis for equitable tolling is present in these facts. Petitioner has not shown



any "extraordinary circumstances" which prevented him from filing a federal petition, nor has he shown that he acted with reasonable diligence in pursuing his claims. <u>Holland</u>, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; <u>Pace</u>, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)); <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003); <u>Marengo</u>, 342 F.Supp.2d at 230.  Rather, Petitioner simply failed to timely file this federal petition. <u>Cf.</u> <u>Kellogg v. Strack</u>, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay].

As Petitioner has not met his burden of showing an entitlement to equitable tolling; <u>Harris</u>, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; <u>see</u> <u>also</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; he is barred from seeking federal habeas relief. <u>See</u> <u>Pearson v. North Carolina</u>, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert.</u> <u>denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert.</u> <u>denied</u>, 119 S.Ct. 1377 (1999).

## <u>Conclusion</u>

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 16, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**


The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).