IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Ray Simpson, #264738, ) | |
| ) | C/A No. 9:11-0273-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden M. McCall, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Dennis Ray Simpson is an inmate in custody of the South Carolina Department of Corrections who currently is housed at the Perry Correctional Institution in Pelzer, South Carolina. On February 2, 2011, Petitioner, proceeding pro se, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being incarcerated unlawfully.

This matter is before the court on motion for summary judgment filed by Respondent on July 8, 2011. Respondent asserts that Petitioner's § 2254 petition is barred by the one year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) (providing for a one year limitations period). On July 12, 2011, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedures and the possible consequences of failing to respond adequately. Petitioner filed a response in opposition to Respondent's motion on August 29, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On September 16, 2011, the Magistrate Judge issued a Report and Recommendation in which he determined that Petitioner's § 2254 petition was untimely. The Magistrate Judge further determined that no basis for equitable

tolling exists. See Holland v. Florida, 130 S. Ct. 2549, 2522-54 (2010). Accordingly, the Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendations and incorporates the Report and Recommendation herein. Respondent's motion for summary judgment is **granted.** Petitioner's § 2254 petition is **dismissed**, with prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee,

252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

    **IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 17, 2011

## NOTICE OF RIGHT TO APPEAL

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**